UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 13-90-KKC

UNITED STATES,     PLAINTIFF,

V.     **MEMORANDUM OPINION & ORDER**

TERRAN PRICE,     DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion (R. 71) to revoke the order of detention entered by Magistrate Judge Robert Wier. Having reviewed the motion, transcript of the hearing, and full record, the court concludes that the Magistrate's detention order was proper.

## BACKGROUND

In June 2013, Terran Price and others were indicted pursuant to 21 U.S.C. § 846 for a charge of conspiracy to distribute oxycodone, a schedule II controlled substance. The alleged conspiracy occurred in Fayette County on or about September 2012 continuing through May 2013. Following his arrest, a detention hearing was held on July 8, 2013, pursuant to the Bail Reform Act, 18 U.S.C. § 3142. After hearing the testimony of witnesses, the Magistrate judge ordered the defendant detained. The defendant seeks relief from the detention order and the matter is now before this Court on *de novo* review to determine whether any conditions or combinations of conditions will assure the defendant's appearance at trial and protect the public safety.

At an evidentiary hearing before the magistrate judge, Price offered testimony from his mother and cousin who testified as to Price's ties to community and family. His mother testified that her son had never left the country, had lived in the Michigan area most of his life and that he managed rental properties for another family member. She also said that if released on bond,

1

Price could live with her and that she would report any bond violations to authorities. Price's cousin, Lakita Valentine, also testified at the detention hearing that she knows Price and has a good relationship with him. She was unsure if Price was employed but indicated that at one point he held a factory job. Additionally, in support of the pending motion for release, Price has submitted letters of support from an aunt and the mother of his unborn child along with another letter from his mother. All indicate that Price is a good father and that his family depends upon him.

At Price's detention hearing before the magistrate judge, the United States offered the testimony of Lexington Police Detective Jared Curtsinger, who testified that while he was conducting surveillance of Price and others at a Lexington residence on Old Paris Road, he stopped a young woman, Sharon Stidham (a named co-defendant), as she left the residence. Stidham, who had a large quantity of pills in her possession, immediately began cooperating with the police. She identified her source as a group from Detroit that included the defendant Price, who she had known for about a year and from whom she had just gotten the pills in her possession. *See* R. 85 at 24-26. Later, Stidham placed a number of police monitored phone calls to Price. Curtsinger testified that during the course of the telephonic monitoring, he confirmed Price's association with Darrien Tomlin, whose status as a fugitive was referenced by Price during a phone conversation. Additionally, Curtsinger testified that in addition to Stidham, three other female informants had reported purchasing oxycodone pills directly from Price. *See* R. 85 at 39-42.

As a result of this investigation, a search warrant was obtained for the Old Paris Road residence, where police found 2,042 pills and $8,000 in cash. *Id*. at 28. Shortly after the search, an arrest warrant issued and Price was taken into custody at his Detroit home. During the course

of the arrest, agents recovered a handgun and oxycodone. Price was initially detained in Detroit, but was released on bond in early May, 2013. Almost immediately after his release, Price was spotted in Lexington, Kentucky with Darrien Tomlin at another residence on Townley Drive. *Id*. at 32-33. During a search of the Townly Drive location, police discovered a backpack containing $50,000 cash and approximately 600 oxycodone pills. Police then arrested Price and others for trafficking. *Id*. at 34. Price was released on bond for a second time and was subsequently indicted by a federal grand jury on the charges in this case. (*See* R. 1) After his indictment, Price turned himself in to authorities. After an evidentiary hearing, the magistrate judge entered an order of detention from which Price seeks relief.

## STANDARD OF REVIEW

Under 18 U.S.C. § 3145(b) if a person is ordered detained by a magistrate, the defendant may make a motion for revocation or amendment to the court having original jurisdiction and that motion "shall be determined promptly." The Court conducts a de novo review of the Magistrate Judge's detention order of July 11, 2013. *See United States v. Watkins*, WL 614252 at *3 (E.D. Ky. 2013)(noting that most district courts in the Sixth Circuit apply a de novo standard of review). "[M]eaningful de novo review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp.2d 1125, 1129 (S.D. Ohio 2000).

A judicial officer must order a defendant detained if no condition will reasonably assure his/her appearance at trial or if there is a serious risk to the safety of other or the community. 18 U.S.C. § 3142(e). A court, however, must consider all reasonable less restrictive alternatives to detention. *Id*. A finding that no conditions will reasonably assure the safety of another person or the community must be supported by clear and convincing evidence. *Id*. § 3142(f). The court

3

must consider the following factors in determining whether to release a defendant on bond or order that he be held in custody:

>    (1) the nature and circumstance of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
>    (2) the weight of the evidence against the person;
>
>    (3) the history and characteristics of the person, including:
>
>    >    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>    >    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

When a judicial officer finds that there is probable cause to believe that a defendant committed one of the crimes, such as in this case, listed in § 3142(e)(3), there is a presumption in favor of detention. A defendant must introduce some evidence to the contrary in order to rebut the presumption. Even when the defendant satisfies his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)(citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

## DISCUSSION

Price was indicted by a federal grand jury, which found that there was probable cause to believe that he committed the crimes charged in the indictment. Thus, the presumption of detention exists.

The evidence in this case indicates that Price has strong family ties to the Detroit area, that he has never left the United States and that he surrendered to authorities on these charges by driving himself from Detroit, Michigan to Lexington, Kentucky. Accordingly, this Court finds that the defendant does not present a serious risk of flight. The question then becomes whether Price presents a danger to the community. Two pieces of evidence suggest that he is. First, a gun was found in Price's residence when he was arrested in Detroit. Second and most compelling is that within days of being released on bond for drug trafficking charges in Detroit, Price headed straight to Lexington, where he and others were arrested for drug trafficking and where a large quantity of cash and pills were found. This flagrant conduct coupled with the seriousness of the charges in this case suggest that there are no conditions or combination of conditions that will prevent Price from engaging in further drug trafficking if released on bond. Put simply, evidence of ties to family and community is insufficient to rebut the presumption of detention in the face of clear and compelling evidence that Price is a danger to the community.

## CONCLUSION

This Court has reviewed the pre-trial detention order of the magistrate Judge pursuant to 18 U.S.C. § 3145. Having conducted a de novo review of the record the Court finds that the defendant would be a serious risk of safety to others and the community. Therefore, the Magistrate Judge's detention order was proper. Accordingly,

**IT IS ORDERED** that the defendant's motion to revoke (R. 71) is **DENIED**.

Dated this 14th day of August, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge